# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD GLENN LORA, | ) | Case No. 1:25-cv-2576 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| MEDINA COUNTY JAIL | ) | |
| PHYSICIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Harold G. Lora filed civil rights lawsuit without a lawyer under 42 U.S.C. § 1983.  He named as Defendants the "Medina Couty Jail—Physician," "Medical Staff," "Corrections Officers," and the Medina County Sheriff.  (ECF No. 1, PageID #2–3.)  In his complaint, Plaintiff indicates that he is a pretrial detainee, and the events about which he complains occurred while he was detained at the Medina County Jail.  Though it has no bearing on this suit, it does not appear that Mr. Lora remains detained in the jail.  The docket of the Medina County Court of Common Pleas indicates that he is awaiting trial on a charge of violating a protection order and that he has been released on bond.  *See State v. Lora*, No. 2024 CR 0060 (Medina Cnty. Ct. Com. Pls.).

In his statement of claim, Plaintiff states that his "rights to medical privacy-records have been violated by nursing staff and correctional officers" at the Medina County Jail, who openly discussed his medical information and listened to his

appointments. (ECF No. 1, PageID #4.) He states that he believes a member of the nursing staff, Jenny Blankenship, who is a friend of his ex-wife's, shared his medical information with his ex-wife by text message. (*Id.*, PageID #5.) In attachments to his complaint, he contends that he was not given or not properly given "life sustaining" medication prescribed for him before he "entered the jail system." (*Id.*, PageID #17.) Specifically, he complains that the jail physician and nursing staff changed his blood thinner medication to a less expensive medication; he was not given his oral medication three times a day (because, nursing staff allegedly told him, the jail only gives medications two times a day); and he was not given pain medication. (*Id.*, PageID #17–18.) Also, he complains that the jail physician and nursing staff denied his request for "extra mat, pillow, blanket to sleep on to help with [his] spinal stress and back pain" from spinal stenosis. (*Id.*, PageID #19.)

Asserting violations of his right to medical privacy under the Health Insurance Portability and Accountability Act, the Americans with Disabilities Act, and the Constitution, he seeks $2.5 million in damages. (*Id.*, PageID #5.) The Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2; ECF No. 5.)

## ANALYSIS

Federal law expressly requires district courts to review all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  Although a complaint filed by a *pro se* plaintiff is "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), even a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to avoid dismissal for failure to state a claim.  *Hill*, 630 F.3d at 470–71 (internal quotation omitted) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under Section 1915(e)(2)(B)).  The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Upon review, the Court finds that Plaintiff's complaint warrants dismissal for failure to state a claim in accordance with Section 1915(e)(2)(B).  His allegations are insufficient to demonstrate that he suffered a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

*First*, Plaintiff fails to state a claim for the disclosure of his medical information under HIPAA because the statute provides no private right of action.  *See Johnson v.*

*Departments of Army & Air Force*, 465 F. App'x 644, 645 (9th Cir. 2012) (affirming dismissal of HIPAA claim on the grounds that HIPAA provides no private right of action); *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) ("[T]he district court correctly concluded that such a claim was not cognizable because HIPAA does not furnish a private right of action."). HIPAA does provide redress for an alleged violation, but it does not authorize a private plaintiff to file suit. Instead, a person may lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, which has the discretion to investigate the complaint and impose sanctions. *See Johnson v. Kuehne & Nagel Inc.*, No. 11–cv–02317, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012) (citing 45 C.F.R. § 160.306).

*Second*, Plaintiff's allegations regarding Defendants' disclosures of his medical information fail to state a constitutional claim. The Sixth Circuit has expressly held that that there is no "general right to nondisclosure of private information" by government officials under the Constitution. *Doe v. Wiggington*, 21 F.3d 733, 740 (6th Cir. 1994). Rather, the Sixth Circuit restricts a constitutional right to informational privacy under the Fourteenth Amendment only to "those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty." *Summe v. Kenton Cnty. Clerk's Office,* 604 F.3d 257, 270 (6th Cir. 2010). The Sixth Circuit and other courts in this Circuit have repeatedly rejected due process privacy claims based on the disclosure of a person's medical information. *See, e.g., Summe*, 604 F.3d at 270–71) (county's release of medical record of deputy county clerk to

4

citizen pursuant to open records request did not implicate a right fundamental or implicit in the concept of ordered liberty so as to violate a constitutional right to privacy); *Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir.2003) (dissemination of prisoner's mental health records to parole board was not a constitutional violation); *Holden v. Michigan Dep't of Corrs.*, No. 1:12–cv–284, 2012 WL 2317538, at *1 (W.D. Mich. June 18, 2012) (prison staff's disclosure of plaintiff's health and/or HIV status to prison officials and other inmates does not implicate a fundamental interest protected by the right to privacy under the Fourteenth Amendment).  Plaintiff has not alleged circumstances involving disclosure of medical information in which courts in this Circuit have recognized an interest protected by the right to privacy under the Fourteenth Amendment.  *See Holden*, 2012 WL 2317538, at *3 (citing cases).

*Third*, Plaintiff has not stated a claim under the ADA.  The ADA provides that no qualified individual with a disability shall, because of that disability, "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To make out a *prima facie* case, a plaintiff must establish that he has a disability; he otherwise qualified; and "is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program because of [his] disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).  Plaintiff has not alleged facts demonstrating, or plausibly suggesting, these elements.  He does not allege that he has a disability within the meaning of the ADA

or facts suggesting that he was excluded from participation in, denied the benefits of, or subjected to discrimination *because of* a disability.

*Finally*, Plaintiff's allegations with respect to his medical care while detained in the jail fail to rise to the level of a constitutional deprivation.  The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a Section 1983 claim of deliberate indifference to a prisoner's serious medical needs.  Where a claim is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper constitutional provision. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018).  There are two parts to a claim for deliberate indifference to medical needs, one objective and one subjective. For the objective component, the detainee must demonstrate the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890 (6th Cir. 2004).

For the subjective component, the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care. *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009).  A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The subjective component requires more than mere negligence, medical malpractice, or "misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001). To satisfy the subjective component, the plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner,

6

that he did in fact draw the inference, and that he then disregarded that risk." *Id*. at 703. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id*. And where a prisoner has received some medical care and the dispute is over the adequacy of the treatment, "federal courts are generally reluctant to second guess medical judgments" unless the medical treatment provided was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

On its face, Plaintiff's complaint indicates that he received some medical care while temporarily detained in the Medina County Jail. Although Plaintiff disagrees with the adequacy of this treatment and wanted more done for him, it cannot be said that Plaintiff's treatment was so woefully inadequate as to amount to no treatment at all. A prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, 100 F.3d 958 (Table), 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("[D]ifferences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim."). Even assuming Plaintiff had serious medical needs while detained in the jail, he has not alleged facts

7

sufficient to state a claim that the care he was provided rose to the level of constitutional deliberate indifference.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2; ECF No. 5) and **DIMISSES** Plaintiff's complaint pursuant 28 U.S.C. § 1915(e)(2)(B).  Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  March 18, 2026

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

8